Andrew M. KOZACIK and Anna S. Kozacik, Husband and Wife, Relators,

v.

The PORTER SUPERIOR COURT and the Honorable Raymond D. Kickbush as Judge Thereof, Respondents.

No. 384S78.

Supreme Court of Indiana.

May 18, 1984.

Andrew M. Kozacik, pro se.

Raymond D. Kickbush, Bruce W. Douglas, Valparaiso, Carl N. Carpenter, Hammond, for respondents.

GIVAN, Chief Justice.

Following oral presentation of the Petition for Writ of Prohibition and Writ of Mandamus, this Court advised the parties that it would unanimously deny the petition. Relator, however, saw fit to file its petition and the related papers with the Clerk of this Court. This opinion is to reaffirm the denial of the petition for the writs.

Andrew Kozacik and his wife Anna filed a pro se lawsuit for declaratory relief and damages in the Lake Superior Court. The lawsuit was filed against numerous corporations and one Patricia Kyle, the natural daughter of the relators. The daughter apparently had made claims on stock and dividends of the corporations which the plaintiffs-relators claim as their own.

In mid-August, 1983, the case was venued to Porter County and docketed with Judge Kickbush's court, in accordance with local court rules, duly adopted and registered with the Supreme Court. One week after the case was docketed in Judge Kickbush's court, the relators filed a motion for protective order to avoid having to be subjected to the taking of a deposition. They also filed a motion to transfer the case to Judge Douglas' court because Judge Kickbush was on vacation and relators claim a speedy determination was required. Judge Douglas granted the petition to transfer and set the matter for trial on October 6, 1983. On September 9, 1983, Judge Douglas dismissed the corporate defendants so that the trial would be only between the Kozaciks and Kyle.

Upon his return from vacation, Judge Kickbush vacated Judge Douglas' orders and set the case for trial. Judge Kickbush also later dismissed all of the defendants except Kyle just as Judge Douglas had done. Judge Douglas did not conduct a trial as it had been set on October 6, 1983. Judge Kickbush, at the time of the hearing of this matter before this Court, was set to go to trial on February 28, 1984.

It is the position of the relators that there was a valid transfer of the case from Judge Kickbush to Judge Douglas and therefore Judge Kickbush has no jurisdiction to proceed in the matter and that it should be returned to Judge Douglas.

The Porter Circuit Court and Superior Courts, effective March 15, 1982, adopted their Local Rules of Court which were duly served upon the Supreme Court. Under Rule II, captioned "Organization of Court," B. Civil, paragraph 4, provides:

"All cause numbers except dissolution of marriage, separation, probate and guardianships having a last digit of '3', '6' and '9' are Judge Kickbush's cases."

Further, in Rule II, it is provided that from time to time it is necessary for the judges of the Porter Superior and Circuit Court to transfer cases among themselves. However, the rule provides: "Naturally, this will be done with the consent of the two Judges involved in the transaction." The transfer above described was not done with the consent of Judge Kickbush. We therefore hold that under the local trial rules Judge Douglas did not acquire jurisdiction of this case and had no authority to enter any orders therein.

The Petition for Writ of Prohibition and Writ of Mandamus is therefore denied.

All Justices concur.